UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| **MORRIS LEWIS** | :: | |
|    plaintiff | | |
| | :: | Case No. |
|    vs. | | |
| | :: | Judge |
| **MAPOTHER & MAPOTHER, PSC** | | |
| c/o Donald D. Haunz | :: | |
| 801 Jefferson St. | | |
| Louisville, Ky 40202 | :: | |
| | | |
| **HEATHER R. PETERS** | :: | |
| c/o MAPOTHER & MAPOTHER | | |
| 815 W. Market St., Suite 500 | :: | |
| Louisville, Ky 40202-2654 | | |
| | :: | |
| **STEVEN B. MULROONEY** | | |
| c/o MAPOTHER & MAPOTHER | :: | |
| 815 W. Market St., Suite 500 | | |
| Louisville, Ky 40202-2654 | :: | |
| | | |
| **EDNA JENELLE COULTER** | :: | |
| c/o MAPOTHER & MAPOTHER | | |
| 815 W. Market St., Suite 500 | :: | |
| Louisville, Ky 40202-2654 | | |
| | :: | |
| **FRED S. HECHT** | | |
| c/o MAPOTHER & MAPOTHER | :: | |
| 815 W. Market St., Suite 500 | | |
| Louisville, Ky 40202-2654 | :: | |
|    defendants | | |

::

# Complaint Seeking Civil Damages, Declaratory & Permanent Injunctive Relief, Costs and Attorney Fees For Deceptive, Unfair, and Unconscionable Debt Collection Practices under the Fair Debt Collection Practices Act; Jury Demand

## Introduction

This action is brought pursuant to federal law (Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.) wherein Plaintiff alleges that Defendants have engaged in multiple violations of that Act.

## Claim One For Relief
### [Fair Debt Collection Practices Act]

## Jurisdiction

1. This claim is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C.§1692, *et seq*. [hereinafter referred to as the "Act"].

2. This claim is for both statutory and actual damages brought by Plaintiff for Defendants' violations of the Act, which expressly prohibits a debt collector from engaging in abusive, unconscionable, deceptive and unfair debt collection practices.

3. The jurisdiction of this Court is invoked pursuant to 15 U.S.C.1692k(d), 28 U.S.C. §1337.

## Parties

4. Plaintiff, **Morris Lewis** [hereinafter referred to as **"Lewis"** or **"Plaintiff"**] is, and was at all times relevant herein, a "consumer" as defined in the Act, 15 U.S.C. §1692a(3) and who, at all times referenced herein, was and is a resident of Greenup County, Ky. Plaintiff was allegedly obligated to pay on a debt owed to Capital One Bank (USA) N.A.

5. Defendant, **Mapother & Mapother, PSC** [hereinafter referred to individually as **"M&M"** and collectively as "Defendants"] is a lawfirm principally located in the state of Kentucky which, in the ordinary course of its business, files suits on behalf of numerous creditors in Kentucky Courts and in other jurisdictions and which specializes in the collection of consumer debt and, therefore, is a **"debt collector",** as defined in the Act at 15 U.S.C. **§**1692a.(6).

6. Defendant, **Heather R. Peters** [hereinafter referred to individually as **"Peters"** and collectively as "Defendants"], is an attorney purportedly licensed in the Commonwealth of Ky and employed by and working at the direction and under the control of Defendant, **Mapother & Mapother, PSC**, who regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is, therefore, a debt collector within the meaning of 15 U.S.C. 1692a(6).

7. Defendant, **Edna Jenelle Coulter** [hereinafter referred to individually as "**Coulter**" and collectively as "Defendants"], is an attorney purportedly licensed in the Commonwealth of Ky and employed by and working at the direction and under the control of Defendant, **Mapother & Mapother, PSC**, who regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is, therefore, a debt collector within the meaning of 15 U.S.C. 1692a(6).

8. Defendant, **Steven B. Mulrooney** [hereinafter referred to individually as "**Mulrooney**" and collectively as "Defendants"], is an attorney purportedly licensed in the Commonwealth of Ky and employed by and working at the direction and under the control of Defendant, **Mapother & Mapother, PSC**, who regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is, therefore, a debt collector within the meaning of 15 U.S.C. 1692a(6).

9.  Defendant, **Fred S. Hecht** [hereinafter referred to individually as "**Hecht**" and collectively as "Defendants"], is an attorney purportedly licensed in the Commonwealth of Ky and employed by and working at the direction and under the control of Defendant, **Mapother & Mapother, PSC**, who regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is, therefore, a debt collector within the meaning of 15 U.S.C. 1692a(6).

10.  Defendants regularly engage in and transact business in the Commonwealth of Kentucky through the use of the United States mail, telephone or other instrumentality of interstate commerce and/or through the initiation of litigation and use of the judicial system in Kentucky and are subject to the jurisdiction of this Court.

11.  The debt in question, if owed by the Plaintiff, was incurred for personal, household or family purposes.

## **Individual Factual Allegations**

12. Plaintiff allegedly owes a certain sum of money to Capital One Bank (USA) N.A. which account was referred to Defendants for collection; [hereinafter referred to as the "account" or "debt"].

13. Defendants initially communicated with Plaintiff concerning the account through a letter dated August 7, 2009 demanding payment of $3285.07 which, according to Defendants, consisted of a principal amount of $1845.92 and $1439.15 in interest accruing from 5/27/09 through 8/7/09 at an undisclosed rate.

14. Only one week later, on August 14, 2009, Defendants again wrote to Plaintiff concerning the debt but, on this occasion, used a different reference. On this occasion Defendants demanded $2318.54 which, according to Defendants, consisted of a principal amount of $1934.68 and $383.86 in interest accruing from 6/17/09 through 8/14/09 at an undisclosed rate.

15. In both letters where each could considered an initial communication from the Defendants concerning the debt, Defendants disclosed in connection with 15 U.S.C. 1692g.(a)(3) as follows: "unless you send a dispute to the validity of the above debt, or any portion thereof, within 30 days of the receipt of the Notice, the debt will be assumed to be valid by us."

16. On or about September 8, 2009 in response to Plaintiff's demand for debt validation, Defendants provided a document covering the period from 7/9/08 through 8/14/08 in which they disclosed that Plaintiff owed $1964.38 with and APR at 19.90%.

17. On or about November 17, 2009 Defendants filed suit against the Plaintiff in the Greenup District Court, seeking interest at 22.49% per annum to

the date of judgment and beyond. Additionally, Defendants sought attorney fees therein.

18. On or about December 16, 2009 Defendants wrote to Plaintiff requesting that he consent to a judgment for $1845.92 with interest at a rate of 22.49% as well as the payment of $406.10 in attorney fees.

19. Defendants provided no basis to Plaintiff for the demand of $406.10 in attorney fees.

20. In spite of serving an Answer to Defendants' state court suit on Defendants on December 16, 2009 and, therefore, rejecting Defendants' request that he sign a consent judgment, on January 12, 2010 Defendants postmarked a letter to Plaintiff dated December 31, 2009 reminding Plaintiff that he was delinquent on making his initial payment under the consent judgment he had refused to sign.

21. Without limiting the scope of any violation which may have been committed,  Defendants' conduct described herein above constituted the following abusive, deceptive, unfair, and unconscionable debt collection activity in violation of the Fair Debt Collection Practices Act:

> (a) the false representation of the character, amount or legal status of the debt and the amount of compensation which may be received in connection with the collection of a debt in violation of 15 U.S.C. § 1692e(2)(A)&(B);
>
> (b) the taking of action that cannot be legally taken in violation of 15 U.S.C. §1692e(5);
>
> (c ) the utilization of false and deceptive means to collect or to attempt to collect a debt in violation of 15 U.S.C. §1692e(10) and 15 U.S.C. §1692e.;

(d) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. 1692f(1);

(e) The failure to provide Plaintiff with proper disclosure concerning the rights and obligations of the Plaintiff in connection with disputing the debt in violation of 15 U.S.C. §1692g.(a)(3);

(f) The failure to comply with 15 U.S.C.§1692g(b) which requires a debt collector to properly inform Plaintiff that he has certain expressly enumerated statutory rights to have the defendant debt collector validate the debt prior to demanding payment of that debt;

(g) the abuse and mis-use of the judicial process and judicial system in violation of 15 U.S.C. §1692e(10) and 15 U.S.C. §1692e.; and,

(h) the use of an unfair and unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

**Prayer for Relief**

Plaintiff prays for the following relief:

a. For both statutory and actual damages as may awarded by the Court;

b. For reasonable attorney fees for all services performed by attorney, Steven C. Shane, counsel in the prosecution of this claim as allowed by law;

c. For reimbursement for all costs and expenses incurred in connection with the prosecution of this claim;

d. For a trial by jury on all appropriate issues; and

e.  For any and all other relief this Court may deem appropriate.

                                        Respectfully submitted by:

                                        **/s/Steven C. Shane**
                                        Steven C. Shane (0041124)
                                        Trial Attorney for Plaintiff
                                        P.O. Box 73067
                                        Bellevue, KY 41073
                                        (859) 431-7800
                                        (859) 431-3100 fax
                                        shanelaw@fuse.net